UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA BURNS,

    Plaintiff,

                                                    CASE NO.: 20-1775

v.

TARGET CORPORATION,
a Foreign Profit Corporation,

    Defendant.
_____/

## DEFENDANT TARGET CORPORATION'S
## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant Target Corporation ("Target"), through undersigned counsel, pursuant to 28 U.S.C. §1446 and Rule 4.02, Local Rules for the Middle District of Florida, hereby removes this action from the Twelfth Judicial Circuit Court, in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

In support of its removal, Target states as follows:

1. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C §1332(a)(1).

2. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

3. This is a civil matter over which this Court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Though the case as stated by the initial pleading was not removable, Target has since received other paper(s) from which Target has ascertained that the case has become removable.

5. On March 23, 2020, Plaintiff Rhonda Burns filed a lawsuit in the Twelfth Judicial Circuit Court, in and for Manatee County, Florida, captioned *Rhonda Burns v. Target Corporation*, *a Foreign Profit Corporation*, Case No.: 20-CA-001246.

6. On May 5, 2020, Plaintiff's Summons and Complaint were served upon Target through its registered agent.

7. The Complaint states, "[t]his is an action for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00), exclusive of costs and interest . . .". Compl. at ¶1.

8. On July 14, 2020, Defendant received other paper(s) from which it was first ascertained that the case is one which has become removable. Specifically, Plaintiff produced medical bills reflecting that she underwent shoulder surgery, total charges for which exceeded $99,000.00.

9. This Notice of Removal is timely because it is filed within thirty days after receipt by Target of a copy of an other paper from which it was first ascertained that the case is one which has become removable.

**AMOUNT IN CONTROVERSY**

10. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Plaintiff filed suit against Target after she slipped and fell in a Target store. *See* Compl. at ¶5.

12. Plaintiff alleges that she:

> suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical, and/or surgical and post-surgical therapy, and/or nursing care and treatment and/or aggravation of a previously existing condition, loss of earnings, and/or loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

Compl. at ¶10.

13. Target has not yet received Plaintiff's Answers to Interrogatories, but in Response to Target's Request for Production, Plaintiff produced a number of medical records reflecting that she had undergone shoulder surgery. Plaintiff also produced billing records. Three of the bills, alone, totaled **$99,066.92**.

| | |
|---|---|
| Xxx Ambulatory Surgery Center (Tampa, FL 33614) | $54,891.60 |
| Florida Xxx Xxx LLC | $29,775.32 |
| Xxx Xxx of America Xxx | $14,400.00 |
| | $99,066.92 |

*See* billing records attached hereto as **Composite Exhibit "A"**.

14. Although Target denies that Plaintiff is entitled to any monetary relief from Target, based on the foregoing information, the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs.

15. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

16. The matter in controversy is between citizens of different States.

17. Upon information and belief, Plaintiff is a citizen of Florida.

18. Target is a citizen of Minnesota.

19. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

20. Plaintiff provided multiple billing records that reflect a Bradenton, Florida residential address, Plaintiff sought medical treatment from providers in Florida, and Plaintiff's driver's license was issue in the State of Florida. *See id*; *see also* **Composite Exhibit "B"**.

21. Target is incorporated in the State of Minnesota, and its principal place of business is in Minneapolis, Minnesota. *See* Affidavit of Daniel Moore, attached hereto as **Exhibit "C"**.

22. Diversity of citizenship exists because at no time material to this action were Plaintiff and Defendant citizens of the same state.

23. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

**PROCEDURAL COMPLIANCE**

24. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State court in this action are attached as **Composite Exhibit "D"**.

25. As required by 28 U.S.C. § 1446(d), written notice of removal of this civil action has been given to Plaintiff and filed with the clerk of court for the Twelfth Judicial Circuit, in and for Manatee County, Florida.

WHEREFORE, Defendant Target Corporation notices the removal of the action now pending against it in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida (Case No.: 19-CA-2193ES), to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully requests this Honorable Court to exercise jurisdiction over this matter.

Respectfully submitted

/s/ Sherilee J. Samuel
John L. Holcomb (FBN: 296139)
Sherilee J. Samuel (FBN: 17499)
Attorneys for Defendant
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL 33601-2231
phone: 813-221-3900
fax:    813-221-2900
e-mail: john.holcomb@hwhlaw.com
e-mail: sherilee.samuel@hwhlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2020, the forgoing was filed using the CM/ECF system, which will send e-mail notification of such filing to Shawn A. Goforth, Esquire of Leonard A. McCue, P.A., Attorneys for Plaintiff, at Qlawservice@QLaw.com.

/s/ Sherilee J. Samuel
John L. Holcomb
Sherilee J. Samuel